IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, a Risk Retention Group,<br><br>Plaintiff,<br><br>vs.<br><br>RALPH NELSON, ROBERT GORMAN, SR., BOBBY J. GORMAN, DAN DOOLEY, and WESTCHESTER SURPLUS LINES INSURANCE COMPANY,<br><br>Defendants. | CV 16–160–M–DLC<br><br>ORDER |

Before the Court is Westchester Surplus Lines Insurance Company's ("Westchester") Motion to Stay Proceedings Pending Appeal of Decision on Motion to Compel Arbitration. (Doc. 71.) Plaintiff American Trucking and Transportation Insurance Company ("ATTIC") and Defendant Dan Dooley oppose the motion. (Docs. 84, 85.) For the reasons explained below, the Court denies the motion.

## BACKGROUND

On December 29, 2016, ATTIC filed its Original Complaint against various

-1-

officers and directors of Tango Transport and Gorman Group. Since that time, Defendants Ralph Nelson, Robert Gorman, and Bobby Gorman settled pursuant to a stipulated judgment (Docs. 22, 23), a Motion to Dismiss was filed by Defendant Dooley and judgment was issued on that motion (Docs. 4, 33), and Defendants Darrell Forman and Liz Cannon were dismissed because they reached a settlement with ATTIC (Docs. 25, 26). Following the stipulated judgment and dismissals, on July 26, 2017, ATTIC filed an Amended Complaint adding Westchester to this action (Doc. 32.).

On September 8, 2017, Westchester moved to compel arbitration of ATTIC's claims against Westchester. Westchester also moved to dismiss Count XI of the Amended Complaint. The Court subsequently vacated the Preliminary Pretrial Conference in order to resolve the pending arbitration issue. The parties then stipulated to stay any briefing on the Motion to Dismiss Count XI until disposition on the Motion to Compel Arbitration. Thereafter, the Court denied the Motion to Compel Arbitration because it found that Westchester had lost the right to enforce the mandatory arbitration clause because Westchester had not defended the insureds nor commenced a declaratory action against the Insureds. (Doc. 64.) On May 15, 2018, Westchester appealed the Court's ruling on the Motion to Compel Arbitration to the Ninth Circuit pursuant to 9 U.S.C. § 16.

(Doc. 66.)

Now, Westchester moves the Court to stay proceedings pending the outcome of its appeal. Due to the unique nature of the motions filed to date, the extensions of time given, and the amendments to pleadings, this case is still in its early stages and no Preliminary Pretrial Conference has occurred. Hence, trial has not been set. Essentially, this case has been in a holding pattern for over a year and a half.

## LEGAL STANDARD

"District courts within the Ninth Circuit, unlike those in the majority of other circuits, are not required to automatically stay proceedings upon the appeal of an order denying a motion to compel arbitration." *Murphy v. DirecTV, Inc.*, 2008 WL 8608808, *1 (C.D. Cal. 2008) (citing *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1411 (9th Cir. 1990)). The Ninth Circuit has explained that an automatic stay in this context "would allow a defendant to stall at trial simply by bringing a frivolous motion to compel arbitration." *Britton*, 916 F.2d at 1412. Instead, the decision whether to issue a stay remains squarely within the district court's discretion. *Murphy* at *1.

The moving party bears the burden of persuading the court that the circumstances of the case justify a stay. *Cesca Therapeutics, Inc. v. SynGen Inc.*, 2017 WL 1174062, *2 (E.D. Cal. 2017). The district court must consider four

factors in evaluating whether to issue a stay:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (citing *Nken v. Holder*, 556 U.S. 418 (2009); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The party moving for a stay must make a "threshold showing" as to each of these four prongs. *Leiva-Perez*, 640 F.3d at 965. Further, the first two factors are the most critical. *Nken*, 556 U.S. at 434.

Moreover, a "stay will not issue simply because the necessary conditions are satisfied. Rather, sound equitable discretion will deny the stay when a decided balance of convenience weighs against it." *Philip Morris USA v. Scott*, 561 U.S. 1301, 1305 (2010) (internal quotations and citation omitted).

## DISCUSSION

**I.      Likelihood of Success on the Merits, or Substantial Legal Question**

According to *Leiva-Perez*, "[t]here are many ways to articulate the minimum quantum of likely success necessary to justify a stay—be it a 'reasonable probability' or 'fair prospect,' . . . 'a substantial case on the merits,' or that 'serious legal questions are raised.'" 640 F.3d at 967–68 (citations omitted). The Ninth

Circuit concluded that "these formulations are essentially interchangeable, and that none of them demand a showing that success is more likely than not." *Id.* at 968.

In the instant case, Westchester contends that it is likely to succeed on the merits and its appeal presents a serious legal question.

### a. Substantial Legal Question

Westchester argues that it presents a substantial legal question on appeal because the question of whether an insurer can enforce a valid arbitration provision in a policy when the insurer did not defend the insured has not previously been considered by the Montana Supreme Court or the Ninth Circuit. (Doc. 72 at 15.) ATTIC counters that this is not an accurate statement of the issue because the real question is whether an insurer has waived its right to rely upon the terms of an insurance policy to enforce an arbitration clause and to retroactively assert that coverage does not exist, after the insurer has breached its duty to defend. (Doc. 84 at 18.) ATTIC contends that Montana law is settled on this issue, as explained by the Court in its earlier order. (Doc. 64).

Westchester argues that the arbitration provision is not a coverage "defense" under the policy, and that *Tidyman's Mgmt. Servs. v. Davis*, 330 P.3d 1139 (Mont. 2014) ("*Tidyman's I*"), which the Court relied on to support its ruling, does not extend to jurisdictional provisions such as an arbitration provision. Westchester

disagrees with the Court's ruling that by failing to defend the action it lost its right to rely upon the arbitration provision in the policy, and further argues that the Court's holding conflicts with the liberal federal policy favoring arbitration. (Doc. 72 at 17 (citing *Mortensen v. Bresnan Commc'ns, LLC*, 722 F.3d 1151, 1157 (9th Cir. 2013) (citing *Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1057 (9th Cir. 2013)).) Further, Westchester contends that another court within the Ninth Circuit recently declined to conclude that a breach of the duty to defend, which otherwise would estop an insurer from denying coverage, is relevant to enforceability of an arbitration clause. (Doc. 72 at 16 (citing *Norton Cmty. Apartments LP v. United National Ins. Co.*, 2007 WL 9229737, *5 (C.D. Cal. 2007).)

The Court does not agree that this is a matter of first impression and stands by its prior order (Doc. 64). The issue on appeal is one of state law, and *Tidyman's I* controls. Further, the consequences of breaching the duty to defend are also clear and longstanding under Montana law. This was addressed at length in the Court's Order. (*See* Doc. 64 at 10–18.) Westchester's reliance on *Norton*, which is a case interpreting California insurance law, is not controlling here. Consequently, no serious legal question warrants a stay. Thus, this factor weighs in favor of denying a stay.

### b. Likelihood of Success on the Merits

As to the likelihood of success on the merits, Westchester's argument centers mainly on the contention that the Court erred in its interpretation of Montana law. Again, the Court stands by its previous order. Because this question of law is settled, Westchester is unable to make a strong showing that it is likely to succeed on this merits. Further, to the extent Westchester argues that the arbitration clause is a jurisdictional provision and not a "contract defense," Westchester did not properly raise this issue in its briefing on the Motion to Compel Arbitration and has waived its right to appeal on that issue. There is no excusable reason or exceptional circumstance under Ninth Circuit law that would justify allowing Westchester to raise this new argument on appeal. *See United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990). Thus, this factor weighs in favor of denying a stay.

## II. Irreparable Harm

Next, Westchester claims that it will suffer irreparable harm if this Court denies a stay and the Ninth Circuit compels arbitration because it will waste substantial time and resources devoted to litigating this dispute during the pendency of the appeal. Westchester argues that if this action proceeds in district court, it would be entitled to challenge the reasonableness of the settlements made

-7-

by the Defendants which would require significant discovery. Thus, Westchester asserts this monetary expense, while usually not considered irreparable harm, is unique here because should arbitration occur, the cost of litigating this case would decrease.

ATTIC and Defendant Dooley counter that the monetary expense argument offered by Westchester carries no weight because money and time spent in litigation is generally not irreparable harm. Further, Westchester has already filed a Motion to Dismiss and has briefed its response to ATTIC's Motion for Summary Judgment in this case. (*See* Docs. 51, 87.) ATTIC also argues that because this case is still in its nascent stages, there is a much lower risk of harm to Westchester pending the appeal. Defendant Dooley adds to that argument, asserting that any briefing that would occur in this case would be duplicative of the briefing expected to occur in any potential arbitration. Thus, the burden of time and expense outlined by Westchester is mitigated by the reality that Westchester's proposed arbitration process would result in similar time and expense.

Westchester makes three additional arguments in its reply brief. First, it claims that if the arbitration provision is upheld by the Ninth Circuit, the provision calls for arbitration in Louisiana or New York. (Doc. 86 at 3–4.) Thus, Montana law is not implicated in arbitration, and the briefing in arbitration would

not be identical to the briefing and litigation in this Court. Moreover, Louisiana law is much different than Montana law regarding the duty to defend and insurers are not ordinarily estopped to deny coverage. Consequently, Westchester could argue all coverage defenses and it is possible coverage would not apply under the Westchester policy.

Second, Westchester argues that it would pursue discovery in arbitration into issues and facts which ATTIC contends is foreclosed here. (Doc. 86 at 5–6.) If allowed to arbitrate, Westchester would seek to discover when the claim was first made based upon when the dispute between ATTIC and Gorman Group began. Westchester claims that it is possible the claims were "first made" prior to the when the Westchester policy applies—October 1, 2015 to October 1, 2016—and if so, then the Westchester Policy would not be in play.

Third, Westchester contends that it would not need to embark on a discovery expedition into the reasonableness of the Stipulated Judgments in arbitration until after an arbitration panel (1) concluded that the claims were made during the Westchester Policy period, and (2) that none of Westchester's coverage defenses applied. Hence, Westchester claims it would be irreparably harmed by discovery in this court that would not be pursued in arbitration. (*See* Doc. 86 at 7–10.)

"[I]f the petitioner has not made a certain threshold showing regarding

irreparable harm . . . then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors." *Leiva-Perez*, 640 F.3d at 965 (citing *Nken*, 556 U.S. at 432–34). The threshold showing requires the petitioner "to demonstrate the irreparable harm is probable." *Id.* at 968. The expense of litigation does not generally constitute irreparable harm. *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 94 (1974) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.").

The Court appreciates the purpose of arbitration, which is to provide an "inexpensive and expeditious means of resolving the dispute." *Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Aloha Airlines, Inc.*, 776 F.2d 812, 815 (9th Cir. 1985). Consistent with the Court's prior order and the foregoing Section I, the Court finds that irreparable harm is not probable. Although it is possible the Ninth Circuit could compel arbitration, the Court is not persuaded by Westchester's arguments. The Court already found that Westchester lost its right to compel arbitration by failing to provide a defense under a reservation of rights. Further, this case is still in its infancy and a trial date has not been set. There is still a pending motion to dismiss, and discovery is not likely to be extensive. Pursuing discovery related to the reasonableness of the stipulated judgment will not substantially prejudice Westchester and will promote efficiency because,

contrary to Westchester's assertion, if its appeal is successful, the parties would still be able to use portions of that discovery in arbitration.

Ultimately, although Westchester contends that the substantial time and resources devoted to litigating this dispute in district court suffices as irreparable harm, there must be more than merely a monetary and time factor to constitute irreparable harm. The *Britton* Court gave district courts clear discretionary authority to evaluate each motion to stay based on individual circumstances. *Britton*, 916 F.2d at 1412. Here, the Court does not find that the cost of continuing litigation in district court is so substantial that a stay is warranted. It is merely possible, and not probable, that the Ninth Circuit would compel arbitration in this case. Therefore, this factor weighs in favor of denying the stay.

## III. Substantially Injure Other Parties

The third factor asks whether issuance of the stay will substantially injure the other parties interested in the proceeding. Westchester contends that the only harm ATTIC will suffer if a stay is granted is a delay in obtaining relief. (Doc. 72 at 25.) However, Westchester argues that harm is outweighed by the unjustifiable waste of time and money that would result from Westchester having to litigate this case pending the appeal. ATTIC and Defendant Dooley counter that they will be injured if a stay is granted because any passage of time will make discovery more

costly and challenging, will likely hamper witness memories, and evidence may be lost.

ATTIC and Defendant Dooley's arguments here are minimally compelling. The Court understands that it is important to the parties that this case be resolved in an efficient and timely manner. Application of this factor cuts both ways. Westchester is marginally harmed if the Court does not stay the case, and ATTIC and Defendant Dooley are similarly harmed if the Court grants the stay. Thus, this factor is neutral.

## IV. Public Interest

Finally, Westchester argues that public policy weighs against proceeding with this case because litigating the claims here would be wasteful should the Ninth Circuit decide this case is arbitrable, because of the possibility of duplicate discovery, and related proceedings and determinations concerning similar issues against Defendant Dooley in the Bankruptcy adversary proceeding. (Doc. 72 at 18–19.) ATTIC contends that public interest weighs in favor of denying the stay because it will frustrate the public's interest in the speedy determination of civil matters. ATTIC claims that the parties would sit idle during the pendency of the appeal instead of pursuing discovery. (Doc. 84 at 25–26.) Defendant Dooley contends that this is not a substantial factor because the government is not a party

to this case and thus non-parties will not be impacted.

Both parties raise important public policy considerations. However, the Court does not find the fourth stay factor to be controlling in this matter. This factor weighs neither in favor of, nor against, granting the stay.

## CONCLUSION

Having found that the two most critical of the four factors weigh against granting the stay, and that none of the factors weigh heavily in favor of granting the stay, the Court will deny Westchester's Motion to Stay Proceedings Pending Appeal.

IT IS ORDERED that Westchester's Motion to Stay Proceedings Pending Appeal (Doc. 71) is DENIED.

IT IS FURTHER ORDERED that pursuant to the Court's Order dated September 26, 2017 (Doc. 59), the parties have thirty (30) days from the date of this Order, or until August 27, 2018, to file their opposition to Defendant Westchester's Motion Pursuant to Fed. R. Civ. P 12(B)(6) to Dismiss Plaintiffs Claims Against Westchester (Doc. 51). Westchester may file a reply brief pursuant to the Local Rules.

DATED this 27th day of July, 2018.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court