IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED

AUG 15 2019

Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, a Risk Retention Group,<br><br>Plaintiff,<br><br>vs.<br><br>RALPH NELSON, ROBERT GORMAN, SR., BOBBY J. GORMAN, DAN DOOLEY, and WESTCHESTER SURPLUS LINES INSURANCE COMPANY,<br><br>Defendants. | CV 16–160–M–DLC<br><br>ORDER |

On June 26, 2019, the mandate of the Ninth Circuit Court of Appeals issued. This matter has been remanded to this Court with instructions to compel arbitration. On the day the mandate issued, Plaintiff American Trucking and Transportation Insurance Company ("ATTIC") filed a motion and supporting brief asking the Court to lift the stay and to retain jurisdiction in part. (Docs. 101 & 102.) Defendant Westchester Surplus Lines Insurance Company ("Westchester") opposes the motion. (Doc. 104.) ATTIC has modified its request in part, stipulating to a continued stay of proceedings related to its claims against

Defendant Dan Dooley. (Doc. 106.) *See* 9 U.S.C. § 3 ("If any suit . . . be brought . . . upon any issue referable to arbitration under an agreement in writing for such arbitration, the court . . . shall . . . stay the trial of the action until such arbitration has been had . . . ."). Thus, there is no longer any dispute that proceedings should remain stayed pending arbitration.

However, several controversies remain. The Court must now determine whether to: (1) retain jurisdiction over any motions to confirm, modify, or vacate the arbitrators' decision; (2) retain jurisdiction over Counts I through X of the Complaint; and (3) specify that the only arbitrable issue in this matter is whether Westchester breached its duty to defend under Montana law. (Doc. 105.) The Court considers each issue in turn.[1]

### I. Jurisdiction to confirm, modify, or vacate the arbitrators' decision

ATTIC asks the Court to retain jurisdiction over any motion to confirm, modify, or vacate the arbitration decision. Westchester does not argue against retaining jurisdiction for such purpose. Upon conclusion of the arbitration process, either party may file a motion to confirm, modify, or vacate the arbitration decision. 9 U.S.C. § 9–11. As this Court continues to have jurisdiction over the

---

[1] Because the parties are familiar with the facts and history of this case, the Court will not recite them here but instead incorporate them as necessary to resolve the pending issues.

stayed proceedings against Dooley, it will also retain jurisdiction over any post-arbitration motions.

## II. Jurisdiction over Counts I through X

ATTIC asks the Court to retain jurisdiction over Counts I through X of the Amended Complaint. ATTIC did not bring these counts against Westchester but against the other named defendants; it has since settled its claims against all of the individual defendants except Dooley. ATTIC seeks continuing judicial oversight "over issues involving the resolution of Counts I through X of the Amended Complaint, including enforceability and reasonableness of the [stipulated judgments between ATTIC and the individual defendants other than Dooley]." (Doc. 102 at 5–6.) Westchester argues that ATTIC is seeking to sidestep arbitration by construing "Counts I through X, insofar as they involve the reasonableness of the stipulated settlements, [as] somehow a dispute between it and the settled defendants rather than between it and Westchester." (Doc. 104 at 9 n.4.) Westchester has the better argument.

Counts I through X are not themselves arbitrable, as they are claims between ATTIC an non-parties to the Westchester insurance contract. Thus, the Court retains jurisdiction over ATTIC's claims against Dooley, although proceedings remain stayed.

-3-

However, any legal issue a court would consider in deciding the insurance coverage dispute between ATTIC and Westchester falls under the purview of the arbitrator. The Westchester policy provides that "[t]he Insureds and the Insurer shall submit any dispute or controversy arising out of or relating to this Policy or the breach, termination, or invalidity thereof" to arbitration. (Doc. 49-1 at ¶ J.) Broad on its face, the arbitration provision also must be "construed broadly." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000). The reasonableness of the settlements may give rise to a "dispute or controversy . . . relating to [the] Policy." Accordingly, to the degree that the reasonableness of the settlements bears on Westchester's indemnification or defense of the settled defendants, such reasonableness falls under Count XI of the Amended Complaint. If, after arbitration has concluded, an issue remains as to the settlement of Counts I through X, the Court will consider it at that time.

### III. Choice of Law

ATTIC seeks a declaration that Montana law be applied in the arbitration. However, the Ninth Circuit squarely held that the Court ought to have granted Westchester's motion to compel arbitration. The Court will not sidestep the clear ruling of the Ninth Circuit by limiting the arbitrator to the question of whether Westchester breached its duty to defend the individual defendants under Montana

law.

Here, the arbitration provision encompasses choice of law. The Court cannot limit the scope of the arbitration without ignoring the policy's broad arbitration provision and the Federal Arbitration "liberal federal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Legal issues regarding the scope of arbitrability are themselves arbitrable. *Id.* at 24–25. Choice of law is one such arbitrable issue. *See Vimar Dequros y Reasequros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 541 (1995). In this instance, the parties must raise in arbitration their arguments regarding the appropriate state law, and the Court will not reserve exclusive jurisdiction over the measure of damages. If the arbitrator "exceed[s] [her] powers, or so imperfectly execute[s] them that a mutual, final and definite award upon the subject matter submitted was not made," the parties may challenge the arbitrator's decision in this Court. 9 U.S.C. § 10; *see also* 9 U.S.C. § 11 (allowing modification of an award under limited circumstances).

Moreover, ATTIC misstates Count XI of the Amended Complaint, through which it sought more than a declaration that Westchester breached its duty to defend. In Count XI, ATTIC "s[ought] a judicial declaration of Westchester's obligations under the Policy, the Settlement Agreement, and Stipulated Judgment

and . . . a declaration that Westchester is liable for the [$3,121,758.45] Stipulated Judgment, without regards to the merits of the underlying action." (Doc. 32 at 42.) Resolution of Count XI requires determinations of: (1) what state law applies; (2) whether Westchester violated that law; and (3) if so, the appropriate financial remedy. These determinations may be made by an arbitrator in the first instance.

### IV. Motion to Compel Arbitration as to Defendant Dan Dooley

On September 13, 2018, Westchester filed its motion to compel arbitration as to Dooley's cross-claim against Westchester. (Doc. 95.) The parties agree that arbitrability of Dooley's cross-claim is legally indistinguishable from that of Westchester's motion. (*See* Docs. 95–97.) Additionally, Westchester represents that "Dooley has agreed to arbitrate his claim against Westchester. (Doc. 104 at 3.) Thus, the Court will grant the motion.

Accordingly, IT IS ORDERED that:

(1) Plaintiff American Trucking and Transportation Insurance Company's Motion to Lift Stay and to Enter Orders to Comply with the Mandate (Doc. 101) is GRANTED in part. The stay is lifted for the limited purpose of issuing this Order. For all other purposes, this case remains STAYED pending arbitration.

(2) Defendant Westchester Surplus Lines Insurance Company's Motion to

Compel Arbitration (Doc. 48) is GRANTED. ATTIC and Westchester shall submit Count XI of the Amended Complaint to arbitration.

(3) Defendant Westchester Surplus Lines Insurance Company's Motion to Compel Arbitration as to Defendant Dan Dooley (Doc. 95) is GRANTED.

(4) The parties shall file a joint status report on or before February 17, 2020, apprising the Court of the status of the arbitration proceeding.

DATED this 15th day of August, 2019.

Dana L. Christensen, Chief Judge
United States District Court